# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 73

APRIL TERM, A.D. 2022

June 16, 2022

IN THE INTEREST OF MM, minor child:

JW,

Appellant
(Respondent),

v.

THE STATE OF WYOMING,

Appellee
(Petitioner).

S-21-0265

*Appeal from the District Court of Park County*
*The Honorable Bill Simpson, Judge*

**Representing Appellant:**
　　Bethia D. Kalenak, Legal Aid of Wyoming, Inc., Cody, Wyoming. Argument by Ms. Kalenak.

**Representing Appellee:**
　　Bridget Hill, Wyoming Attorney General; Misha Westby, Deputy Attorney General; Christina F. McCabe, Senior Assistant Attorney General; Wendy S. Ross, Senior Assistant Attorney General. Argument by Ms. Ross.

**Guardian ad Litem:**
　　Joseph R. Belcher, Director, Wyoming Office of Guardian ad Litem; Kimberly Skoutary Johnson, Chief Trial and Appellate Counsel.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    JW (Mother) appeals from two juvenile court permanency and review orders and from the juvenile court's decision denying her motion to close the case. We lack jurisdiction to decide JW's appeal because none of the juvenile court orders from which she appeals are appealable orders. We therefore dismiss.

## ISSUE

[¶2]    The dispositive issue is whether this Court has jurisdiction to consider Mother's appeal.

## FACTS

[¶3]    This juvenile case originated in September 2017 when the State filed a neglect petition alleging that Mother neglected her child, MM, and MM was placed in the legal and physical custody of the Department of Family Services (Department). Mother (and Stepfather) eventually admitted the neglect allegations and began working case plans. As the case progressed, the juvenile court held review and permanency hearings, as required by Wyo. Stat. Ann. § 14-3-431(c) and (d). *See KC v. State*, 2015 WY 73, ¶¶ 22–23, 351 P.3d 236, 243 (Wyo. 2015). In conjunction with those hearings, the juvenile court issued orders. Mother appeals the juvenile court's Order on Twelve Month Permanency and Six Month Review Hearing (September Hearing Order) and its Order on Review and Permanency Hearing (November Hearing Order). Between the two hearings from which these orders were issued, Mother filed a motion asking the juvenile court to close the case or in the alternative, change the permanency plan to reunification. The court denied the motion (October Hearing Order).[1] Mother appeals the September, October, and November Hearing Orders.

## DISCUSSION

[¶4]    Mother contends that the juvenile court improperly failed to close the case. She disputes the court's findings that MM received regular medical and dental care while in foster care placement. Finally, she argues that the juvenile court abused its discretion when it requested Colorado "perform and approve" an Interstate Compact on the Placement of Children home study. The State counters that we are without jurisdiction over Mother's appeal because the orders she appeals are not appealable under W.R.A.P. 1.05 and because Mother did not timely appeal the October Hearing Order.

[¶5]    This Court has "the inherent power, and the duty, to address jurisdictional defects on appeal." *In re NC*, 2013 WY 2, ¶ 20, 294 P.3d 866, 872 (Wyo. 2013) (quoting *NMC v.*

---

[1] The court held the hearing on October 26–27, 2020, but did not enter the order until December 1, 2020.

1

*JLW ex rel. NAW*, 2004 WY 56, ¶ 9, 90 P.3d 93, 96 (Wyo. 2004)). For this Court to have jurisdiction over an appeal, a party must appeal an appealable order. W.R.A.P. 1.03. W.R.A.P. 1.05 defines "appealable order" as:

> (a)    An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or
>
> (b)    An order affecting a substantial right made in a special proceeding[.]

W.R.A.P. 1.05(a), (b).

[¶6]    "Proceedings in juvenile court are special proceedings[.]" *In Int. of FP*, 2021 WY 77, ¶ 14, 488 P.3d 943, 947 (Wyo. 2021) (quoting *In re "H" Children*, 2003 WY 155, ¶ 61, 79 P.3d 997, 1014 (Wyo. 2003)). Juvenile court orders affecting substantial rights are appealable. Juvenile court adjudication and disposition orders affect a parent's substantial rights. *Id.* (citing *"H" Children*, ¶ 61, 79 P.3d at 1014). Further, when the permanency plan is changed from reunification to termination and adoption, parents' rights are substantially affected. *KC*, ¶ 33, 351 P.3d at 245. Thus, because they affect a parent's substantial rights, adjudication, disposition, and permanency plan changes from reunification to termination and adoption are appealable. *KC*, ¶ 33, 351 P.3d at 245; *In re HP*, 2004 WY 82, ¶ 23, 93 P.3d 982, 989 (Wyo. 2004).

[¶7]    However, "[n]ot all review hearings [in juvenile cases] have the same impact." *KC*, ¶ 34, 351 P.3d at 245. "[A] review hearing at which an ongoing permanency plan is reviewed and continued pending some required action by the parents will have relatively minor impact on the parties." *Id.* Orders emanating from these review hearings do not affect substantial rights and are not appealable. *See KC*, ¶ 33, 351 P.3d at 245.

[¶8]    The September, October, and November Hearing Orders are of the non-appealable character described in *KC*—they review and continue pending action and have relatively minor impact on the parties. In the September Hearing Order, the juvenile court reviewed and continued the ongoing plan of guardianship. It found that "no progress" had been made "toward alleviating or mitigating the necessity for placement" of MM with a guardian and ordered Mother to complete additional tasks to work her case plan. This order did not affect Mother's substantial rights. It is not appealable. *See KC*, ¶ 33, 351 P.3d at 245. The October Hearing Order, like the September Hearing Order, merely continued the status quo of the case. In it, the juvenile court ordered MM to remain in the legal and physical custody

2

of the Department. It also ordered a permanency hearing to be held "as soon as possible." It did not affect Mother's substantial rights and is not appealable.[2]

[¶9]   In the November Hearing Order, the juvenile court found that "some progress has been made toward alleviating or mitigating the necessity" for MM's placement. It continued MM's physical and legal custody with the Department, changed the permanency plan from guardianship to reunification with a concurrent goal of adoption, and ordered Mother to continue completing tasks in compliance with her case plan. While this order changed the permanency plan, it did not halt reunification efforts, and the case continued pending action by Mother.

[¶10]   In *HP*, we considered whether a juvenile court review order that continued the case for six months but ordered a plan of termination of parental rights was appealable. The decision turned on whether the mother's substantial rights had been affected. We held that:

> Because the order specifically continues the case for six months, at first glance it may not appear to be an appealable order. . . . This order did however follow a dispositional review hearing and appears to be a dispositional order because it orders DFS to begin termination proceedings. **In any event, the order certainly affects Mother's substantial rights as it has the effect of halting reunification attempts.** Therefore, we will treat it as an appealable order.

*HP*, ¶ 23, 93 P.3d at 989 (emphasis added). The November Hearing Order did not halt reunification efforts. Mother's substantial rights were not affected. It is not an appealable order.

## *CONCLUSION*

[¶11]   The orders appealed in this case do not affect Mother's substantial rights and are not appealable. We dismiss the appeal for want of jurisdiction.

---

[2] Because this order was not appealable, we do not consider the State's argument that Mother's appeal of this order was not timely filed.